Samuel Rabin, J.
This is an action permanently to enjoin defendants from using four homes as model homes in violation of sections 2 and 3 of the Zoning Besolution of the City of New York.
The material facts, as the court finds them, may be briefly stated: Defendants are engaged in the construction, erection and sale of one-family dwellings at 26th Avenue between 204th and 210th Streets in Bayside, on what is known as the Bayside Golf Course. For the purpose of promoting the sale of those homes, some 678 in number, defendants caused to be erected four one-family dwellings at 26-03, 26-11 and 26-17 Bell Boulevard, and 214-11 27th Avenue, respectively, in a Bayside community known as Bayside Gables and zoned a residence G-l district.
Permits for the erection of those homes were duly issued by the borough superintendent, notwithstanding that prior to their *634 issuance defendant Parker had sworn to and submitted an affidavit in which he had stated, in pertinent part, that 4 4 the aforesaid corporation [defendant Jack Parker Associates, Inc.] is desirous of erecting 4 model homes ’ on the site ’ ’ in question and that 44 these models are to be erected soley [sic] for the purpose of selling houses which houses are to be erected on the front known as the Bayside Golf Course. ’ ’
Each of the model homes is connected to the next with concrete walks. Each is elaborately furnished and displays signs indicating the name of the department store which has furnished it. . Flood lights illuminate the homes at night. On weekends thousands of persons visit the premises.
Diagonally across the street from the model homes defendants maintain a sales office and parking lot for visitors and potential purchasers, who are directed from that office to the homes. Thousands of dollars have been expended for advertising.
The use of the four homes as models resulted in complaints from the residents of Bayside Gables and an inspection of the premises by the authorities which culminated in the service upon defendant Jack Parker Associates, Inc., of a notice of violation reading, in pertinent part, as follows: 44 You will take notice that there exists a violation of Art. II Section 3 of the ZONING RESOLUTION of the City of New York at the premises above described, in that being located in a Residence (Gl) use district, said building or premises is being unlawfully used * * * essentially for business purposes, in that, the structure erected thereon, is being used as a model home for the purpose of inducing the sale of other structures to be erected at another location more than five blocks away and that the subject premises constitute no part or parcel of the other location.” The notice concluded with a direction permanently to discontinue the unlawful use and to cease operating the building as a model house.
In their reply memorandum defendants state that no question of accessory use, constitutionality or estoppel of the city is here involved. 44 The issue before the Court,” in the language of defendants, 44 is whether there has been a violation of the zoning ordinance.”
In the opinion of this court there has been.
Sections 2 and 3 of the zoning resolution provide, in pertinent part, as follows:
44 § 2. Use Districts. For the purpose of regulating and restricting the location of trades and industries and the location of buildings designed for specific uses The City of New York is hereby divided into nine classes of districts: (1) residence *635 districts * * * No building or premises shall be erected or used for any purpose other than a purpose permitted in the use district in which such building or premises is located. § 3. Residence Districts. In a residence district no building or buildings shall be erected other than a building or buildings arranged, intended or designed exclusively for one or more of the following specified uses :
“ (1) Dwellings, which except as hereinafter provided in §,§ 14-A, 15-A, 16-B and 16-C, shall include dwellings for one or more families and boarding houses and also hotels which have thirty or more sleeping rooms, but shall not include motels.
“ (9) In a residence district no building or premises shall be used for any other than a use above specified for which buildings may be erected and for the accessory uses customarily incident thereto. The term ‘ accessory use ’ shall not include a business, nor shall it include any building or use not located on the same lot with the building or use to which it is accessory.”
Of the exceptions noted in subdivision (1) of section 3 only that contained in subdivision (a) of section 16-C is applicable here and that provides that“ In a Gr-1 district no dwelling shall be erected or altered other than for occupancy for a single family.”
“ It is true that zoning statutes are to he strictly construed in favor of the landowner * * * but it is likewise true that
we may not disregard the intention of the Legislature when it is clearly to be found in the language used ”. (City of Buffalo v. Radway Tr. Go., 303 N. Y. 453, 461-462.) The language of the pertinent provisions of the zoning resolution is clear. Section 3 limits the erection and use of buildings in a residence district to those “ arranged, intended or designed exclusively ” for one or more of the “ uses ” specified and then provides in subdivision (9) that “ no building or premises shall be used for any other than a use above specified ” and customary accessory uses which shall not, however, include a business. By virtue of the further limitation contained in subdivision (a) of section 16-C, it is clear that in the Gr-1 district in question only one-family dwellings arranged, intended or designed exclusively for use as such are permitted. While defendants’ four model homes were intended eventually to be used as dwellings, they were erected primarily for use as an indispensable part of def endents ’ business of selling hundreds of other homes to be erected at another location some five blocks away. In the opinion of this court such a use violates the zoning* resolution. This is true even though no actual sales or negotiations for sale took place *636 in the model homes and even though no salesmen were present in the homes. By no stretch of the imagination can it be said that the model homes were being used as dwellings, much less exclusively so.
It may be true, as defendants contend, that if the use of a model home located in one place to sell homes being built at another constitutes a business use it would also be a business use if the model home were located on the very tract sought to be developed. It does not follow, however, that enforcement of a zoning ordinance in the one case would require a like result in the other. Indeed, since it is common knowledge that the almost unvarying practice of builders today is to sell homes by the use of sample or model homes and since it is in the public interest to permit them so to do, this court would arrive at a different determination if the model homes here involved had been erected on the tract sought to be developed, to wit, the Bayside Grolf Course. Zoning ordinances must be reasonable and conducive to the public welfare. While they may be held so to be under one set of circumstances, the result may well be different under another. (People v. Leighton, 44 N. Y. S. 2d 779, 881, and authorities there cited.)
In the opinion of this court it is reasonable and in the public welfare to enforce this zoning resolution against the defendants. Judgment is, accordingly, entered in favor of the plaintiff permanently enjoining defendants from using the homes in question as model homes.
Settle judgment.